# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTER DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| *In re:* | * | |
| JIN SOOK PARK<br>CALEB PARK | * | BANRKUPTCY NO. 17-10777-KHK |
| Debtors | * | CHAPTER 7 |
| JIN SOOK PARK<br>CALEB PARK | * | |
| Plaintiffs | * | Adv. Pro No. |
| v. | * | |
| STACEY PARKER | * | |
| Defendant | * | |

### COMPLAINT TO AVOID AND TO RECOVER PREFERENTIAL TRANSFER

COME NOW Jin Sook Park and Caleb Park, Plaintiffs, by and through their attorney, Jeremy C. Huang, and files this adversary proceeding against Defendant Stacey Parker, and states that:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, being a case arising under Title 11, United States Code; and under 28 U.S.C. § 157, which provides for referral of cases arising under Title 11 to the bankruptcy judges of the District.

2. This complaint is filed, pursuant to 11 U.S.C. §§ 542 and 547, to recover a preferential transfer. This is a "core proceeding" within the meaning of 28 U.S.C. § 157 (b)(2)(f) and (k).

3. This is an adversary proceeding under Bankruptcy Rule 7001(1) and (2).

**Parties**

4. The Plaintiffs are the debtors in the underlying bankruptcy case.

5. The Defendant Stacey Parker is a creditor in the underlying bankruptcy case

Factual Allegations

6. On or about March 9, 2017, the Plaintiff filed a voluntary petition for Chapter 7 bankruptcy.

7. On or about December 16, 2016, Defendant garnished amounts from Debtor's bank account with Wells Fargo Bank.

8. Pursuant to this garnishment, approximately $5,567.60 was transferred to or for the benefit of Defendant over the course of 90 days before the date of the filing of the Debtor's voluntary bankruptcy petition (hereafter the "Transfer").

9. The Transfer was for or on account of an unsecured, antecedent debt owed by the Debtor before such transfer was made.

10. The Transfer was made while the Debtors were insolvent.

11. The Transfer enabled Defendant to receive more than it would receive if such transfer had not been made and the Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

12. The Transfer was neither voluntary, nor did the Debtor conceal any of the property involved.

13. In accordance with applicable law, the Debtors claimed as exempt property the entire amount transferred to Defendant.

14. Additionally, the Debtors are entitled to interest on the $5567.60 transferred, calculated at the legal rate from the date the complaint was filed to the date Debtors receive payment from Defendant.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendant, respectfully pray of the Court for an Order requiring Defendant return to Plaintiffs the preferential transfer of $5,567.600, including any interest calculated at the legal rate from the date the complaint was filed to the date Debtors receive payment in full, and for such other relief as this Court deems necessary and proper.

Respectfully submitted this 8th day of May, 2017

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
WOEHRLE DAHLBERG JONES YAO, PLLC
10615 Judicial Dr., Suite 102
Fairfax, VA 22030
(T) 703-755-0214 / (F) 571-285-0065
jhuang@lawfirmvirginia.com